UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta D. Browder,   Case No. 3:21-cv-2269

    Plaintiff,

v.   ORDER

Kenneth Myers,

    Defendant.

In this action, Plaintiff Roberta D. Browder asserts that while working for the Allen Oakwood Correctional Institution, she was subjected to inappropriate and unwanted sexual advances and behavior by her supervisor, Defendant Kenneth Myers. (Doc. No. 1-2 at 70-78). Based on these allegations, she asserts claims of sexual harassment, hostile work environment, intentional infliction of emotional distress, and retaliation against Myers. (*Id.* at 74-76). Because Myers was an "officer or employee" of the state of Ohio, she also filed an action in the Court of Claims of Ohio, asserting similar claims based on the same conduct. (*Id.* at 57-66).

Under Ohio law, when a plaintiff brings "[a] civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner[,] the court of claims . . . has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over [a] civil

action." O.R.C. § 2743.02(F). Because of this, whether Browder could pursue her claims in this action was dependent on the outcome of Browder's case before the Court of Claims. Therefore, Myers, represented by the Ohio Attorney General's Office, moved to stay this case pending a decision by the Court of Claims. (Doc. No. 4). I granted that motion, and the case has been stayed since February 3, 2022. (*See* non-document entry dated February 3, 2022).

On August 12, 2022, the Court of Claims issued its judgment concluding that "at all times relevant, Kenneth Myers, acted manifestly outside the scope of his employment" and, therefore, "is not entitled to immunity pursuant to R.C. 9.86 and 2743.02(F)." (Doc. No. 10-2 at 1). The Court of Claims also cleared the way for the claims in this action to proceed in an Ohio Court of Common Pleas. (*Id.*). Because this action is appropriately in this court under federal question jurisdiction, I now lift the stay on this case.

In light of the scope of employment determination by the Court of Claims, Myers's attorneys of the Ohio Attorney General's Office now move to withdraw from the case. (Doc. Nos. 9 & 10). In support, they assert they can no longer represent Myers because Ohio law prohibits such representation. They are correct. Because "the attorney general shall not represent and defend [an] officer or employee" who "was acting manifestly outside the scope of his employment or official responsibilities," O.R.C. § 109.362(A), the motion to withdrawal is granted.

Myers is now considered to be representing himself *pro se*. Myers is granted 60 days from the date of this Order to secure new representation. Should Myers retain a new attorney, that attorney shall enter an appearance within that 60 days. Whether acting through his new attorney or remaining *pro se*, Myers shall file an Answer to the Amended Complaint within 90 days of the date of this Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge