UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta D. Browder,                                Case No. 3:21-cv-2269

        Plaintiff,

v.                                                   ORDER

Kenneth Myers,

        Defendant.

On February 3, 2023, I issued an Order granting Defendant Kenneth Myers one final forty-five-day extension to respond to Plaintiff Roberta Browder's Complaint, with or without the assistance of counsel. (Doc. No. 12). I indicated that after that time, I would "entertain an application for default and a motion for default judgment against Myers. *See* Fed. R. Civ. P. 55." (*Id.*).

In response to my Order, Myers filed a notice that he does not have the financial ability to secure counsel. (Doc. No. 13). Myers did not file a response to the Complaint *pro se*. Browder has now filed a motion for default judgment. (Doc. No. 14). I will address Browder's motion first.

Rule 55 provides the two-step process a plaintiff must follow to obtain a default judgment. Fed. R. Civ. P. 55. Under this Rule, the plaintiff must first obtain an entry of default from the clerk by showing "by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only after the clerk has entered default can the plaintiff obtain a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. April 2023); *see also*

*Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk."); *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009). Because Browder did not obtain an entry of default from the clerk, the motion for default judgment must be denied as procedurally improper.[1] (Doc. No. 14).

Turning to Myers's submission, it is not clear to me whether Myers intends to waive his right to defend against this action or whether he seeks appointment of pro bono counsel. Under Local Rule 83.10, I have the discretion to assign a *pro se* civil litigant pro bono counsel if: (1) I can verify the litigant cannot afford legal counsel; and (2) I can locate an attorney who is willing to represent the *pro se* litigant. To request pro bono counsel, the litigant must submit an Affidavit of Need.

Because Myers has not yet submitted the Affidavit of Need, I cannot determine whether Myers qualifies for appointment of pro bono counsel. Should Myers wish his submission be considered as a motion for appointment of counsel, he shall supplement his submission by filing an Affidavit of Need on or before May 26, 2023. I direct the Clerk to mail Myers a copy of the Affidavit of Need form with this Order.

If Myers completes and files the Affidavit of Need form on or before May 26, 2023, I will then attempt to locate pro bono counsel to represent Myers. If Myers does not file the form or a *pro*

---

[1] Had Browder had complied with Rule 55(a), her motion for default judgment still would be denied. "Even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims … for which the plaintiff seeks default judgment." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016). Browder offered no legal argument in support of her motion for default judgment. Without some development of the legal arguments supporting her claims, I am unable to determine whether Browder's allegations are sufficient to state a claim for relief. *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)).

*se* response to Browder's Complaint on or before May 26, 2023, Browder may then initiate Rule 55 default proceedings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge