UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta D. Browder,                                        Case No. 3:21-cv-2269

        Plaintiff,

    v.                                                            ORDER

Kenneth Myers,

        Defendant.

On June 28, 2023, I ordered Plaintiff to either initiate the two-step default process provided by Federal Rule of Civil Procedure 55 or show cause why this case should not be dismissed for want of prosecution pursuant to Rule 41(b) by July 14, 2023.  (Doc. No. 16).  Plaintiff filed a motion for default judgment on July 12, 2023.  (Doc. No. 17).  But for the same reasons I denied her previous motion for default judgment, (Doc. No. 15), her pending motion for default judgment is also denied.

First, in the face of my previous Order explaining the proper two-step default procedure under Rule 55, (Doc. No. 15 at 1-2), Plaintiff again has failed to comply with the procedural requirement of Rule 55(a).  And second, Plaintiff's motion for default judgment is substantively deficient.

As I noted in my April 24, 2023 Order, (*id.* at 2 n.1), "[e]ven though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims … for which the plaintiff seeks default judgment." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).  Therefore, a plaintiff seeking default judgment must at

least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment.  *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)).  Plaintiff fails to identify any facts in the complaint or state any legal argument in support of her motion for default judgment.

Rule 41(b) permits a court to dismiss an action or a claim if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."  Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-37 (6th Cir. 2008).  While an attorney's conduct may result in dismissal of a plaintiff's complaint for failure to prosecute, the Sixth Circuit has urged district courts to impose less drastic sanctions directly against the delinquent lawyer before taking the more drastic sanction of ordering dismissal.  *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-69 (6th Cir 1997).

Here, Plaintiff's counsel has repeatedly failed to comply with Rule 55.  Further, in filing the second deficient motion for default judgment, counsel completely disregarded my April 24, 2023 Order.  Such neglect cannot be tolerated as it imposes an unnecessary burden on this tax-supported court.  *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  Still, before imposing sanctions, I grant Plaintiff one final opportunity to properly pursue default in the manner required by Rule 55.  By November 10, 2023, Plaintiff shall either initiate those default proceedings or show cause as to why this case should not be dismissed for want of prosecution.  Further noncompliance with the Rules and my Orders will result in sanctions and may result in dismissal of this action under Rule 41(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge