UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta D. Browder,					Case No. 3:21-cv-2269

          Plaintiff,

v.							ORDER

Kenneth Myers,

          Defendant.

Before me is Plaintiff's third motion for default judgment. (Doc. No. 21). Again, Plaintiff, or more accurately, Plaintiff's counsel falls short of satisfying the requisite burden.

Plaintiff's first two motions were denied because Plaintiff's counsel repeatedly failed to comply with the procedural requirement of Rule 55(a). (Doc. Nos. 15 and 18). Aside from this procedural shortcoming, I also explained that both of those motions were substantively deficient. (Doc. No. 15 at 2 n.1; Doc. No. 18 at 1-2). In my most recent order, I spelled out the applicable standard, stating,

> a plaintiff seeking default judgment must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment. *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)).

(Doc. No. 18 at 1-2). Despite this, counsel filed another substantively deficient motion for default judgment.

Rather than "identify[ing] any facts in the complaint or stat[ing] any legal argument in support of her motion for default judgment" as I previously directed, (*id.* at 18), counsel submits a brief recitation of the procedural history of the case and conclusory statement that Plaintiff is entitled to damages because "Defendant, by virtue of their default, have [sic] admitted liability for the claims alleged in the Complaint, including sexual harassment, creating a hostile work environment, assault, intentional infliction of emotional distress, and retaliation against Plaintiff for reporting Defendant's actions to his immediate supervisor." (Doc. No. 21 at 2). But as I stated in both my April 24, 2023 and October 12, 2023 Orders, "'[e]ven though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims … for which the plaintiff seeks default judgment.'" (Doc. No. 15 at 2 n.1; Doc. No. 18 at 1) (each quoting *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016)). Therefore, Plaintiff's third motion for default judgment is denied. (Doc. No. 21).

While I have given Plaintiff's counsel numerous opportunities to cure his mistakes in this action and warned that "[f]urther noncompliance with the Rules and my Orders will result in sanctions and may result in dismissal of this action under Rule 41(b)," (Doc. No. 18 at 2), he has continued to blatantly disregard my Orders by filing plainly deficient motions. As such, I now set this matter for hearing. The sanctions hearing will be held on June 10, 2024, at 3:00 p.m., in Courtroom 204, Ashley Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio. Plaintiff and her counsel must be present for this hearing.

Plaintiff's counsel may bring in his defense any evidence showing he has satisfied his obligations to prosecute this action. He also may attempt to mitigate any sanction by submitting a fourth motion no later than May 24, 2024. Any such motion must identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in

support of default judgment.  It must also cite authority showing the scope of permissible damages that may be awarded for each claim and how any such damages should be assessed.  Only if the submission is timely filed will I consider entertaining any evidence related to the assessment of damages at the scheduled hearing.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge