UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta D. Browder,                        Case No. 3:21-cv-2269

         Plaintiff,

v.                                            MEMORANDUM OPINION
                                                  AND ORDER

Kenneth Myers,

         Defendant.

In January 2019, Browder became employed by the Ohio Department of Rehabilitation and Correction ("ODRC") at the Allen-Oakwood Correctional Institution. (Doc. No. 1-2 at 71). There, her direct supervisor was Defendant Kenneth Myers. (*Id.* at 72). Browder alleges that "almost immediately upon her employment," Myers began making unwanted sexual advances and engaging in inappropriate behavior. (*Id.*). Among other things, Browder asserts "Myers made comments about [her] undergarments and body; pulled at [her] clothing; touched her breasts and butt; and rubbed himself up against her on various dates during her employment in 2019." (*Id.*).

Browder reported Myers's misconduct to the ODRC on or about July 2, 2019. (*Id.*). She alleges several other female employees also reported Myers for "various incidents of sexual harassment and misconduct," and that the ODRC conducted an investigation into this misconduct. (*Id.* at 72-73). Browder does not report what resulted from this investigation. Instead, she contends her employment was terminated soon after she reported the situation in retaliation. (*Id.* at 73).

Based on these events, Browder filed this action in the Allen County, Ohio Court of Common Pleas on April 2, 2021, against the Allen-Oakwood Correctional Institution, the ODRC,

and Myers himself. (Doc. No. 1-2 at 4 – 11). At the time, she brought claims under Ohio statutory and common law for: (1) sexual harassment; (2) hostile work environment; (3) assault; (4) intentional infliction of emotional distress; and (5) retaliation. Browder voluntarily dismissed her claims against Allen-Oakwood Correctional Institutional and the ODRC on May 25, 2021, (*id.* at 31-32), leaving only her claims against Myers.

At this point in the litigation, Myers was represented by the Ohio Attorney General. (*Id.* at 33-34). Acting on his behalf, the Ohio Attorney General filed a motion for judgment on the pleadings. (*Id.* at 35-39). Browder filed a brief in response wherein she requested multiple forms of relief including seeking leave to amend the Complaint to "further clarify the claims presented." (*Id.* at 43). In this brief, she also argued judgment on the pleading of her entire Complaint was not warranted because Myers had not addressed her federal claims in his motion. (*Id.* at 43-45). Myers replied to this argument by correctly asserting that Browder's Complaint contained no federal cause of action. (*See id.* at 52-55).

Ultimately, Allen County Judge Terri L. Kohlrieser granted Browder's motion to amend the Complaint but did not affirmatively issue any ruling on Myers's motion for judgment on the pleadings. (*Id.* at 69). Judge Kohlrieser also provided no reasoning or analysis in explanation for the decision to grant Browder's motion to amend and effectively deny Myers's motion for judgment on the pleadings.

In compliance with Judge Kohlrieser's Order, Browder's counsel, Jason Flowers, filed an Amended Complaint on November 2, 2021. (*Id.* at 70-78). In that Amended Complaint, he asserted "[t]his action is brought pursuant to Ohio Revised Code § 4112.02, and pursuant to Title I of the Americans with Disabilities Act of 1990, codified as 42 U.S.C. 12112, which prohibits the discrimination of an employee on the basis of race, gender, ethnicity, color, national origin, or ancestry of the employed individual, [or] any identified disability." (*Id.* at 71). The claims included

in this Complaint were those for: (1) sexual harassment in violation of "Ohio Revised Code § 4112.02 and the applicable Federal statutes"; (2) hostile work environment; (3) intentional infliction of emotional distress; and (4) retaliation.  (*Id.* at 74-76).  Each were brought against Myers in only his individual capacity.

Because the Amended Complaint included claims under federal law, Myers removed this action to this court on December 2, 2021.  (Doc. No. 1).  Following a lengthy procedural history discussed more fully in my previous Orders, (Doc. Nos. 11, 12, 15, 16, 18, and 23), default has been entered against Myers, (Doc. No. 20), and Browder's fourth motion for default judgment is now before me.  (Doc. No. 27).

Unfortunately, though I have repeatedly ordered Mr. Flowers to address the merits of Browder's claims over the last year, this fourth motion filed by Mr. Flowers in an attempt to mitigate any sanction assessed against him is the first to include any legal argument.  But Mr. Flowers's motion still falls short of the federal requirement that the Complaint set forth sufficient facts to state a claim for relief.  *See Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).  Instead, the motion reveals the futility of adding those federal claims, which resulted in removal of this action from Browder's chosen forum.

In this motion, Mr. Flowers contends for the first time that Browder has stated Title VII claims of sexual harassment, hostile work environment, and retaliation against Myers.  (*Id.* at 4-7; 9-10).  But Mr. Flowers does not acknowledge that "[a]n individual cannot be held personally liable for violations of Title VII."  *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997)).  This well-settled precedent is fatal to any Title VII claim brought against Myers.

On June 18, 2024, I held a hearing at which Browder and Mr. Flowers were present.  At that time, I informed them of my intent to dismiss those Title VII claims because Browder could not

recover from Myers under Title VII.  I also advised that because this court had original jurisdiction over only the federal law claims, I was inclined to remand the matter to the state court to adjudicate Browder's remaining Ohio law claims.  Neither Browder nor Mr. Flowers objected on either count.  Both urged me to remand the matter.

Accordingly, without further delay, I dismiss Browder's Title VII claims for failure to state a claim, decline to exercise supplemental jurisdiction over the remaining Ohio law claims, and remand the matter to the Allen County, Ohio Court of Common Pleas.  *See* 28 U.S.C. 1367(c).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge